GILBERT A. SMITH, Appellant, v. S. B. JACKSON.

**Practice:** HARMLESS ERROR. A writing in which one promised another that for six months he would not use intoxicating liquors, does not tend to show that the one making the promise was, during such time, in the employ of the other, or to contradict the statement of the former that he was not in such employ.

**Bond—Release:** CONSIDERATION. A bond conditioned for the payment by an agent to his employer of all money he should receive on account of his agency, is discharged by the employer taking the agent's note in full satisfaction of all claims under the bond, and agreeing to return the bond; there having been some dispute as to the amount due, a higher rate of interest being provided in the note than could have otherwise been demanded, and it also having provided attorney fees in case of suit.

EVIDENCE. An instruction that defendant's claim that certain money was for traveling expenses, was not sustained, need not be given, at plaintiff's request, where, under the instructions given, it would not avail defendant if such claim was sustained.

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, JUDGE.

THURSDAY, JANUARY 30, 1896.

ACTION at law on a bond given by an insurance agent to secure the faithful performance of his duties. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*Lewis, Holmes & Beardsley* for appellant.

*John N. Weaver* for appellee.

ROBINSON, J.—On the eighth day of October, 1888, the plaintiff appointed E. E. Hartsook, an agent for the purpose of procuring applications for life insurance, and performing such other duties as should be

intrusted to him. The bond made the obligors liable for the payment to the plaintiff of all money belonging to him which should at any time be received by Hartsook, or for which he should be liable, and all money which he then owed or might thereafter owe to the plaintiff, either on account of advances to Hartsook, or otherwise. The bond further provided that Hartsook should faithfully discharge his duties as agent, and that it should continue in force until all transactions under the agency should be settled, and all liabilities of Hartsook, by reason thereof, should be discharged. The bond was signed by Hartsook as principal, and S. B. Jackson and W. W. Byam as sureties, all of whom are named as parties defendant. It is claimed by the plaintiff, that prior to the twentieth day of May, 1890, Hartsook received money which belonged to the plaintiff, to the amount of three hundred and forty-six dollars, and that on that date, as evidence of the amount due, Hartsook gave for it his note; that prior to the twenty-third day of January, 1891, he received the further sum of forty-three dollars, for which, on that date, he gave his note, as further evidence of the amount due; that both sums were received by virtue of the agency; and that Hartsook has wholly failed to pay them, or any part of them. Judgment is asked for the amount stated. The defendant Jackson admits the execution of the bond, but denies that the notes described were given to evidence amounts due the plaintiff by virtue of the agency, for which there is liability on the bond, and denies all liability in this action. He alleges that the larger of the notes was given in full settlement and discharge of all liability of Hartsook and his sureties on the bond, and was so received by the plaintiff, upon his verbal promise to cancel and surrender the bond, and that the smaller note **was given** after the agency of Hartsook was terminated, and after the defendant

had been discharged from liability by the settlement stated, for an individual loan made to Hartsook, which had no relation to the agency. Judgment was rendered in favor of Jackson for costs. The trial in the district court was against Jackson alone, and he is the only one of the defendants who appears to be interested in this appeal.

I.   The plaintiff claimed on the trial that Hartsook was in his employment as agent when the forty-three dollar note was given. That claim was denied by Hartsook, as a witness; and, to affect his credibility on that point, the plaintiff offered in evidence an instrument in writing, of which the following is a copy: "New York Life Insurance Company. January 5, 6 P. M., 1891. For the period of six months from date and hour, I promise G. A. Smith to refrain from the use of all intoxicating liquors, wine, whisky, or beer. E. E. Hartsook." The defendant made to it an objection in words, as follows: "I object to it, your honor, for the reason that no such purpose appears on the face of it, and it is nothing unusual for a man to make a promise of that kind." The objection was sustained and the writing was not received as evidence. The objection was not expressed in ordinary legal form, but it was to the effect that the writing was immaterial; and, when so considered, we think the objection was well founded. The writing did not show, or tend to show, that Hartsook was in the employ of the plaintiff when it was made. It did not tend to contradict the statements of Hartsook, and nothing in the case made it relevant to the issues presented. Even if the objection might have been overruled for informality, no prejudice could have resulted from the exclusion of the writing.

II.   The appellant complains of errors in the portion of the charge which stated the issues, with respect to certain dates. The petition alleges that the sum of

forty-three dollars, referred to, was received "prior to January 23, 1891," while the charge represents the plaintiff's claim to be that it was received "prior to January, 1891," omitting the day of the month. No prejudice is suggested as likely to have arisen from this error, and we think it was immaterial. The petition alleged that Hartsook entered upon the discharge of the duties of his agency, and continued in the work thereof "until about the first day of March, 1890." The charge alleged that the defendant denies "that Hartsook continued in the employ of the plaintiff after March 1, 1891." The plaintiff complains that this made it appear that he claimed and had asserted that Hartsook remained in his employment until that date. Although he did not make that claim in his petition, he stated, as a witness, that the contract of agency had never been terminated. If there was error in the charge in the respect claimed, it was beneficial to the plaintiff; but the charge followed the answer on that point, exactly, and is not open to the objection made.

III. In the fifth paragraph of the charge the court instructed the jury that "the mere taking of a note as evidence of the amount due from the defendant, Hartsook, to the plaintiff, Smith, would not release defendant, Jackson, nor would it bind him to pay the interest provided in the note, nor attorney's fees." By the sixth paragraph the jury was told that if the three hundred and forty-six dollar note given by Hartsook was in full satisfaction of all claims under the bond, and the plaintiff at the time agreed to return the bond, the plaintiff could not recover. It is insisted that the sixth paragraph is erroneous, and that both cannot be correct. The fifth was in the interest of the plaintiff, and he has no ground to complain of it. We are of the opinion that the portion of the sixth objected to, is correct. The note referred to is payable on demand, but provided for

interest at the rate of eight per cent. per annum, and for an attorney's fee in case of suit. It appears that there was some dispute in regard to the amount due. That was settled by the giving of the note. A higher rate of interest than could have been demanded before was provided for, and also the fees of an attorney in case of suit. We think this was sufficient as a consideration for the release of the bond. Whether the note of Hartsook alone was more valuable than the claim against his bondsmen, was a question for the parties, and not for the courts to determine.

IV. The appellant complains of the refusal of the court to give an instruction as follows: "(1) You are instructed that under the evidence herein, you cannot allow any amount as traveling expenses to Hartsook. The claim of defendant, Jackson, that some or all of the three hundred and forty-six dollar note was for traveling expenses, is not sustained." Hartsook testified that he did not consider that the three hundred and forty-six dollar note was for a just debt, because it was virtually for traveling expenses, which he says the plaintiff had verbally agreed to allow. No objection was made to this testimony, although it was not relevant to any issue presented by the pleadings. It was necessarily excluded from the consideration of the jury, but not specially referred to in the charge given.

The jury were instructed that money advanced or loaned to Hartsook for the purpose of paying his traveling expenses while following the business of the agency, or in any way to assist him in carrying out the business of the agency, would come within the terms of the bond, and would be sums for which the defendant would be liable. This was all the plaintiff was entitled to ask on the point to which it referred, and, with other portions of the charge, clearly defined the duty of the jury with respect to traveling expenses.

V. It is said the verdict is not sustained by the evidence. That was conflicting; and, on some vital issues, more witnesses testified for the plaintiff than for the defendant. But testimony was given, which, if credible, fully sustains the verdict, and it was within the province of the jury to determine the value of the evidence given for each party. We are not authorized to set aside the judgment for want of evidence, and do not find any ground for disturbing it.— AFFIRMED.